

# THE ATTORNEY GENERAL
## OF TEXAS

October 28, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll          Opinion No.  JM-974
Harris County Attorney
1001 Preston, Suite 634          Re:   Competitive bidding in
Houston, Texas  77002            counties with a county  pur-
                                 chasing agent   (RQ-1484)

Dear Mr. Driscoll:

You ask:

> (1)  In counties  with  county  purchasing
> agents, must the county purchasing agent make
> all purchases which are not made by  competi-
> tive  bid  or  can  individual  officers  and
> departments purchase their own supplies?

> (2)  Is  the   County   Purchasing   Agent
> subject to the  $5,000 limitation imposed  by
> LOC. GOV'T CODE §262.023 in making  purchases
> of maintenance and repair items the need  for
> which is not foreseeable[?]

In your  first  question  you ask  whether  the  county
purchasing agent in  Harris County must  make all  purchases
which are not subject to the competitive bid requirements of
section 262.023 of the Local Government Code.

You advise  that Harris  County  has a  duly  appointed
purchasing  agent  subject to  the  provisions  of  section
262.011 of  the  Local  Government  Code.   Section  262.011
provides in pertinent part:

> (a) In  a  county  with  a  population  of
> 74,000 or  more,  a  board  composed  of  the
> judges of the district  courts in the  county
> and the county judge,  by majority vote,  may
> appoint a  suitable  person  to  act  as  the
> county purchasing agent.  The term of  office
> of the county purchasing agent is two years.

> . . . .

(d) The county purchasing agent shall purchase all supplies, materials, and equipment required or used, and contract for all repairs to property used, by the county or a subdivision, officer, or employee of the county, <u>except purchases and contracts required by law to be made on competitive bid. A person other than the county purchasing agent may not make the purchase of the supplies, materials, or equipment or make the contract for repairs</u>.

. . . .

(f) A purchase made by the county purchasing agent shall be paid for by a warrant drawn by the county auditor on funds in the county treasury in the manner provided by law. <u>The county auditor may not draw and the county treasurer may not honor a warrant for a purchase unless the purchase is made by the county purchasing agent or on competitive bid as provided by law</u>.

. . . .

(n) This section applies to all purchases of supplies, materials, and equipment for the use of the county and its officers, including purchases made by officers paid out of fees of office or otherwise, regardless of whether the purchase contract is made by the commissioners court or any other officer authorized to bind the county by contract. An officer making a purchase out of fees of office in violation of this section may not deduct the amount of the purchase from the amount of any fees of office due the county. (Emphasis added.)

You state that your question was prompted by Attorney General Opinion JM-725 (1987). In Attorney General Opinion JM-725 it was concluded that a county officer, department or institution may purchase its own supplies subject to the limitations imposed by section 3 of article 2368a.5, V.T.C.S. (now section 262.023 of the Local Government Code). The request in Attorney General Opinion JM-725 was from a county that did not have a purchasing agent. Hence, the provisions of section 262.011 were not applicable.

In Attorney General Opinion H-1237 (1978), the question arose as to whether the commissioners court of El Paso County had authority to order payment for a purchase made by the sheriff when the county had a purchasing agent duly appointed under then article 1580, V.T.C.S. (now section 262.011). In concluding that the commissioners court did not have authority to direct payment of a claim under a contract which contravened the statute, the opinion stated:

> Article 1580 [now section 262.011] establishes the county purchasing agent, an officer not under the supervision of the commissioners court, as the proper party to contract for all county supplies and services except those required to be let on competitive bid. The statute prohibits any other person from entering into such contracts and directs the county auditor not to draw warrants 'for any purchases except by such agent and those made by competitive bid.'

Attorney General Opinion H-1237 (1978), at 1. The county purchasing agent must make all purchases that are not subject to the competitive bid requirements.

In your second question you ask whether the county purchasing agent is subject to the $5,000 limitation imposed by section 262.023(a), which provides:

> Before a county may purchase one or more items under a contract that will require an expenditure exceeding $5,000, the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this subchapter. All bids or proposals must be sealed.

You state that in counties the size of Harris, compliance with the $5,000 limitation is difficult because of the maintenance of a large inventory of heavy equipment. The statute does not contain an exception based on population. The background information contained in the Bill Analysis to Senate Bill 807, Acts 1985, 69th Leg., ch. 641, at 2377, effective September 1, 1985, (now section 262.023) reflects:

> S.B. 807 repeals many of these old purchasing laws and amends others and creates a new, uniform purchasing law for counties

> regardless of population. . . .  In effect,
> S.B. 807 gives all counties the same
> requirements relating to purchasing and
> removes the disadvantage imposed by earlier
> methods of regulating the purchasing activity
> of county officials. . . .

Bill Analysis, Tex. S.B. 807, 69th Leg. (1985).  Subsection (d) of section 262.011 expressly excludes from the county purchasing agent's authority "purchases and contracts required by law to be made on competitive bid."

You suggest that the purchase of maintenance and repair items may come within the exceptions to the competitive bidding process under the "captive replacement parts or components for equipment" exception in subsection (a)(7)(D) of section 262.024.  Section 262.024 provides in pertinent part:

> (a) A contract for the purchase of any of the following items is exempt from the requirement established by Section 262.023 if the commissioners court by order grants the exemption:
>
> . . . .
>
> (7) an item that can be obtained from only one source, including:
>
> . . . .
>
> (D) captive replacement parts or components for equipment.

Since the county purchasing agent is subject to the competitive bidding requirements of section 262.023, it follows that the exceptions thereto are applicable.  Before there may be an exception to the bidding requirement the parts or components must be items "that can be obtained from only one source."  In addition the "maintenance and repair items" must be "captive replacement parts or components."  Of necessity the factual determination of whether "maintenance and repair items" constitute "captive replacement parts or components" must be made on a case-by-case basis.

## S U M M A R Y

In counties with county purchasing agents, the county purchasing agent must make all purchases that are not subject to the competitive bid requirements of section 262.023 of the Local Government Code. The county purchasing agent is subject to the $5,000.00 limitation imposed by section 262.023 in making purchases of maintenance and repair items unless such purchases fall within the exceptions set forth in section 262.024 of the Local Government Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General